UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a non-profit corporation,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SPECIALIZED PARTS PLANET, INC., a California corporation, KERMIT GILMORE, an individual, and GALEN BAKER, an individual,<br><br>　　　　　　Defendants. | Case No. 2:11-CV-02620-JAM-DAD<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT |

This matter is before the Court on California Sportfishing Protection Alliance's ("Plaintiff") Motion for Leave to File First Amended Complaint for Declaratory and Injunctive Relief and Civil Penalties (Doc. #10).[1]  Defendants Specialized Parts Planet, Inc., Kermit Gilmore, and Galen Baker ("Defendants") oppose the motion (Doc. #12), and Plaintiff filed a reply (Doc. #13).  For the reasons stated below, Plaintiff's motion is GRANTED.

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was originally scheduled for March 21, 2012.

1

I. BACKGROUND

This suit originated when Plaintiff filed a complaint (Doc. #1) that alleged that Defendants were liable for storm water draining from their properties into local bodies of water. Plaintiff's allegations in the complaint concern several properties allegedly owned and operated by Defendants. Plaintiff now seeks to amend the complaint in order to add allegations concerning three additional properties, which were not included in the original complaint because Plaintiff was waiting for a 60-day notice of violation to expire, as required by the Clean Water Act ("CWA"), 33 U.S.C. §§ 1251-1387.

The court has jurisdiction pursuant to 28 U.S.C. § 1331.

II. Opinion

A. Legal Standard

"Whether leave to amend should be granted is generally determined by considering the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." N. Slope Borough v. Rogstad (In re Rogstad), 126 F.3d 1224, 1228 (9th Cir. 1997). In the absence of any of the preceding factors, leave to amend should be freely granted. See Gabrielson v. Montgomery Ward & Co., 785 F.2d 762, 765 (9th Cir. 1986).

A. Analysis

Defendants do not address the four factors considered by courts when considering a motion for leave to amend. Defendants oppose the motion by arguing that the factual basis for the complaint is deficient, and that the motion should not be granted on that basis. Defendants claim that they no longer operate any of

the locations identified in Plaintiff's proposed first amended complaint.  Accordingly, Defendants argue that allegations of "ongoing and continuous" violations of the CWA lack an evidentiary basis.  Plaintiff responds that under the federally approved California permitting scheme, liability for storm water runoff does not necessarily end when a property is sold.  Plaintiff also claims that it has not received confirmation that Defendants sold the properties.

First, the Court does not find that Plaintiff's motion evidences undue delay.  Plaintiff explains in its motion that the additional claims were not available until the 60-day notice of violation expired, which caused the delay.  Second, the Court does not find bad faith on the part of Plaintiff.  See Griggs v. Pace Am. Group, Inc., 170 F.3d 877, 881 (9th Cir. 1999) (bad faith is found when a plaintiff is merely seeking to prolong litigation by adding baseless legal theories).  Third, the Court does not find prejudice to Defendants because the amended claims are identical to the claims in the original complaint except that they apply to additional properties.  Further, Defendants were served with notices of violations concerning those properties, so there is no surprise.

Defendants' arguments in opposition concern the futility of Plaintiff's proposed amendments.  Futility can be found where it is clear that the proposed amendments would not save a complaint from a dispositive motion.  See Gabrielson v. Montgomery Ward & Co., 785 F.2d 762, 766 (9th Cir. 1986).  In this case Plaintiff asserts that even if Defendants' claims concerning ownership are true, they may be liable for ongoing water discharge under California's permitting

scheme. In the absence of clear futility, the relative merits of Plaintiff's theory are not properly considered in the present motion. <u>Breier v. N. Cal. Bowling Proprietors' Ass'n</u>, 316 F.2d 787, 790 (9th Cir. 1963) (the legal sufficiency of an amendment is not ordinarily considered when granting leave to amend). Accordingly, the Court does not find that Plaintiff's amendments are clearly futile.

The Court does not find undue delay, bad faith, futility, or prejudice to Defendants. Accordingly, Plaintiff's motion is GRANTED.

## III. ORDER

For all the foregoing reasons, the Court finds good cause to grant Plaintiff leave to file a First Amended Complaint, and therefore Plaintiff's Motion For Leave to File First Amended Complaint is GRANTED. The First Amended Complaint attached to Plaintiff's motion is deemed filed as of the date of this order. Defendants are ordered to file their responsive pleading within twenty days of this order.

IT IS SO ORDERED.

Dated: March 21, 2012

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE