IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE, a non-
profit corporation,

      Plaintiff,                   No. 2:11-cv-02620-JAM-DAD

      v.

SPECIALIZED PARTS PLANET, INC.,    ORDER
a California corporation, KERMIT
GILMORE, an individual, and GALEN
BAKER, an individual,

      Defendants.
_____/

      This matter came before the court on September 14, 2012, for hearing of plaintiff's motion to compel production of documents and responses to interrogatories. Erik Roper, Esq. appeared for plaintiff California Sportfishing Protection Alliance. There was no appearance on or behalf of defendant Specialized Parts Planet, Inc.[1]

---

[1] Defendant Specialized Parts Planet, Inc., is the only defendant that has appeared in this action. Although defendant's counsel participated in the preparation of the Joint Statement Regarding Discovery Disagreement filed pursuant to Local Rule 251 and entered into a stipulation with plaintiff's counsel, which was approved by court order, to continue the hearing on that discovery motion to September 14, 2012, he nonetheless did not appear at the hearing.

1

For the reasons set forth in detail on the record, IT IS HEREBY ORDERED that:

1. Plaintiff's May 9, 2012 motion to compel production of documents and responses to interrogatories (Doc. No. 18) is granted;

2. Within thirty days of the date of this order defendant shall provide responses to plaintiff's first set of interrogatories;

3. Within thirty days of the date of this order defendant shall respond to plaintiff's first request for production of documents.  With respect to defendant's response, defendant is ordered to either produce the specific documents responsive to plaintiff's first request for production, or to organize, index and label the responsive documents in such a manner that the responsive documents can be readily accessed by plaintiff's counsel.  Under no circumstances is defendant permitted to merely direct plaintiff's counsel to large quantities of documents that have not been organized, indexed and labeled;

4. Plaintiff's May 9, 2012 request for reasonable expenses, including attorneys' fees, (Doc. No. 18), is granted; and

5. Plaintiff shall file a declaration in support of its request for reasonable expenses, including attorneys' fees, by close of business September 19, 2012.  The court will thereafter issue an order addressing the specific amount awarded to plaintiff in reasonable expenses and attorneys' fees.

DATED: September 14, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.civil\cspa-sppi2620.oah.091412