1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10    CALIFORNIA SPORTFISHING
      PROTECTION ALLIANCE, a non-
11    profit corporation,

12              Plaintiff,              No. 2:11-cv-02620-JAM-DAD

13         v.

14    SPECIALIZED PARTS PLANET, INC.,   ORDER
      a California corporation, KERMIT
15    GILMORE, an individual, and GALEN
      BAKER, an individual,
16

17              Defendants.

18    _____/

19              This matter came before the court on September 14, 2012, for hearing of

20    plaintiff's motion to compel production of documents and responses to interrogatories.  Erik

21    Roper, Esq. appeared for plaintiff California Sportfishing Protection Alliance.  There was no

22    appearance on or behalf of defendant Specialized Parts Planet, Inc.[1]

23    _____

24         [1]  Defendant Specialized Parts Planet, Inc., is the only defendant that has appeared in this
      action.  Although defendant's counsel participated in the preparation of the Joint Statement
25    Regarding Discovery Disagreement filed pursuant to Local Rule 251 and entered into a
      stipulation with plaintiff's counsel, which was approved by court order, to continue the hearing
26    on that discovery motion to September 14, 2012, he nonetheless did not appear at the hearing.

For the reasons set forth in detail on the record, IT IS HEREBY ORDERED that:

1.  Plaintiff's May 9, 2012 motion to compel production of documents and responses to interrogatories (Doc. No. 18) is granted;

2.  Within thirty days of the date of this order defendant shall provide responses to plaintiff's first set of interrogatories;

3.  Within thirty days of the date of this order defendant shall respond to plaintiff's first request for production of documents.  With respect to defendant's response, defendant is ordered to either produce the specific documents responsive to plaintiff's first request for production, or to organize, index and label the responsive documents in such a manner that the responsive documents can be readily accessed by plaintiff's counsel.  Under no circumstances is defendant permitted to merely direct plaintiff's counsel to large quantities of documents that have not been organized, indexed and labeled;

4.  Plaintiff's May 9, 2012 request for reasonable expenses, including attorneys' fees, (Doc. No. 18), is granted; and

5.  Plaintiff shall file a declaration in support of its request for reasonable expenses, including attorneys' fees, by close of business September 19, 2012.  The court will thereafter issue an order addressing the specific amount awarded to plaintiff in reasonable expenses and attorneys' fees.

DATED: September 14, 2012.

_Dale A. Drozd_
_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.civil\cspa-sppi2620.oah.091412