IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE, a non-
profit corporation,

      Plaintiff,

v.

SPECIALIZED PARTS PLANET, INC.,
a California corporation, KERMIT
GILMORE, an individual, and GALEN
BAKER, an individual,

      Defendants.
_____/

No. 2:11-cv-02620-JAM-DAD

ORDER

This matter came before the court on September 14, 2012, for hearing of plaintiff's motion to compel production of documents and responses to interrogatories. Erik Roper, Esq. appeared for plaintiff California Sportfishing Protection Alliance. There was no appearance on or behalf of defendant Specialized Parts Planet, Inc.[1]

---

[1] Defendant Specialized Parts Planet, Inc., is the only defendant that has appeared in this action. Although defendant's counsel participated in the preparation of the Joint Statement Regarding Discovery Disagreement filed pursuant to Local Rule 251 and entered into a stipulation with plaintiff's counsel, which was approved by court order, to continue the hearing on that discovery motion to September 14, 2012, he nonetheless did not appear at the hearing.

1

On September 17, 2012, the court issued an order granting plaintiff's May 9, 2012 motion to compel production of documents and responses to interrogatories, granting plaintiff's request for reasonable expenses, including attorneys' fees, and ordering plaintiff to file a declaration in support of its request for reasonable expenses, including attorneys' fees, by close of business September 19, 2012. (Doc. No. 24.) Plaintiff filed its declaration on September 19, 2012. (Doc. No. 25.)

Having reviewed plaintiff's declaration, and for the reasons stated on the record, IT IS ORDERED THAT defendant and its attorney shall reimburse plaintiff's counsel in the amount of $8,179.60 for reasonable expenses, including attorneys' fees, within twenty-one days of the date of this order.[2]  See Fed. R. Civ. P. 37(d)(3) ("[T]he court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.").

DATED: September 27, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.civil\cspa-sppi2620.attyfees.ord

---

[2] Plaintiff's counsel requested a total award of $8,456.10. (Doc. No. 25 at 7.) The court, however, deducted from that amount $276.50 in attorneys' fees attributed to a telephone call between plaintiff's counsel and the undersigned's Courtroom Deputy, regarding a delay in the court approving the parties' stipulation, filed by plaintiff's counsel, to continue the hearing of plaintiff's motion to compel. During that phone call the Courtroom Deputy informed plaintiff's counsel that the delay in approving the stipulation was due to counsel's failure to file a proposed order along with the stipulation. (Id. at 4.) The court will not order defendant or counsel for defendant to pay the costs incurred in connection with that phone call.