UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a non-profit corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SPECIALIZED PARTS PLANET, INC., et al.,<br><br>　　　　　Defendants. | No.  2:11-CV-02620-JAM-DAD<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** |

　　　Presently before the Court is Defendant Specialized Parts Planet, Inc.'s ("Defendant") Motion for Reconsideration (Doc. #27) which is opposed by Plaintiff California Sportfishing Protection Alliance ("Plaintiff") (Doc. #28).  The original underlying order was issued by Magistrate Judge Drozd, awarding Plaintiff attorney's fees associated with a successful motion to compel.  For the following reasons, Defendant's motion is DENIED.

　　　28 U.S.C. § 636(b) and E.D. Cal. Local Rule 303 govern the standard for a Motion for Reconsideration.  The district court "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or

contrary to law." 28 U.S.C. § 363(b)(1)(A); E.D. Cal. Local Rule 303(f). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." Sec. Farms v. Int'l Bhd. of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997) (internal quotations omitted). Under the contrary to law standard, "a District Court may overturn a Magistrate Judge's conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes or case precedent." Enns Pontiac v. Flores, No. 1:07-cv-01043-LJO-BAM, 2012 U.S. Dist. LEXIS 24263, at *13 (E.D. Cal. Feb. 27, 2012) (internal quotations omitted).

Defendant moves for reconsideration on two grounds: 1) Defendant did not have an opportunity to respond to Plaintiff's attorney's fee declaration, and 2) the fees requested were not reasonable.

As to the first ground, Defendant's motion is not supported by the record. Plaintiff and Defendant stipulated to the hearing date and time for the original motion to compel (Doc. #19). The underlying motion to compel clearly included a motion for attorney's fees should the motion to compel succeed (Doc #18). Defendant's counsel failed to appear at the hearing on the motion, and therefore did not contest the application for fees. Plaintiff's fees declaration was then filed electronically, whereupon it was served on Defendant's counsel. Defendant's counsel chose not to object to Plaintiff's attorney's fee declaration in the intervening seven days before Magistrate Judge Drozd issued the order awarding fees. Thus, Defendant did have

an opportunity to respond to the fees motion and the declaration.

For purposes of the second ground raised by Defendant, Defendant argues that the amount awarded is too high. Reconsideration is only proper if the Magistrate Judge's findings are clearly erroneous or contrary to law.  In support of the present motion, Defendant only argues that a different fee award should have been made, but cites no legal authority that undermines Magistrate Judge Drozd's findings.  Nor does Defendant show that Magistrate Judge Drozd's factual findings are clearly erroneous.  Therefore, the second ground raised by Defendant does not merit reconsideration.

ORDER

For the foregoing reasons, Defendant's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

Dated: October 24, 2012

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

3